IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,041-01






EX PARTE BOBBY JOE HOLLON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10345-A IN THE 32ND DISTRICT COURT


FROM NOLAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to twenty (20) years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because trial counsel rendered ineffective
assistance. Specifically, counsel visited Applicant only once before trial; failed to respond to
Applicant's letters; failed to appear for arraignment; did not notify Applicant in advance that she
would have to take time off from representing him; without notice to Applicant other counsel was
substituted in for some pre-trial proceedings; and at one point other counsel advised Applicant that
he would be representing Applicant, but then failed to appear for trial. Counsel's lack of
communication with Applicant, her absence from pre-trial proceedings, and the unannounced
substitution followed by the absence of other counsel, caused Applicant to believe that counsel was
not prepared to defend him and so he had to plead guilty.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection
and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The court shall determine whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
plea papers and all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court. 



Filed: April 4, 2007

Do not publish